IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE MAGDY NASSIF NASR,    :
:
    Petitioner,    :
:    No. 4:08-CV-415
    v.    :
:
THOMAS H. HOGAN, et. al.,    :    Agency  # A73-574-464
:
    Respondents.    :

**O R D E R**

June 3, 2008

**INTRODUCTION:**

On March 5, 2008, petitioner George Magdy Nassif Nasr, represented by counsel, filed a petition for writ of habeas corpus under and pursuant to 28 U.S.C. § 2241.  The same day, Nasr filed a motion for an emergency stay of deportation. (Rec. Doc. No. 3.)  Nasr is a citizen of Egypt who is currently in the custody of the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania.  In his petition, Nasr challenges the United States Citizenship and Immigration Service's (USCIS) denial of his application for adjustment of status.  (Rec. Doc. No. 1, ¶ 19.)  Furthermore, Nasr asserts that this denial has resulted in his unlawful arrest and detention and his imminent deportation.  (Id. ¶ 20.)

On March 11, 2008, we issued an order directing service of the petition and made a preliminary finding that we had jurisdiction over the petition despite the passage of the REAL ID Act. We also granted petitioner's request for a stay of removal. Additionally, despite our preliminary finding that we had jurisdiction over the petition, we granted the government an opportunity to convince us otherwise.

On March 31, 2008, the government filed a brief challenging our jurisdiction in this case. (Rec. Doc. No. 9.) This brief also addressed the merits of the petition. On April 14, 2008, petitioner filed his response to that brief, which also addressed both the jurisdictional issue as well as the merits of the petition. (Rec. Doc. No. 10.) Therefore, we believe the matter is ripe for disposition. For the following reasons, we conclude that we have jurisdiction over the petition and will deny the petition on the merits.

**FACTUAL BACKGROUND:**

According to the petition, Nasr was admitted to the United States on a visitor visa on August 15, 1993. (Rec. Doc. No. 1, ¶ 9.) On August 26, 1994, he filed an application for asylum based on fears of religious persecution in his home country of Egypt due to his Christian beliefs. (Id. ¶ 10.) On February 8, 1995, Nasr's

application was denied and he was placed in deportation proceedings. (Id. ¶ 11.) Acting on the advice of his counsel (who he later learned was not a licensed attorney), Nasr did not attend his May 23, 1996 immigration hearing. (Id. ¶ 12.) Following the hearing held in his absence, an Immigration Judge (IJ) ordered Nasr deported. (Id.) Despite this order, Nasr remained in the United States and eventually on September 29, 2001 married his wife, who is now a United States citizen. (Id. ¶ 13.) Nasr and his wife now have two children, both of whom are United States citizens. (Id.)

On March 13, 2003, Nasr filed a motion to reopen his deportation proceedings, alleging ineffective assistance of counsel. (Rec. Doc. No. 2, at 5.) On April 2, 2003, this motion was denied. (Id. at 6.) On April 14, 2003, Nasr filed a second motion to reopen his deportation proceedings and this was also denied. (Id.)

Also in 2003, Nasr filed an application for adjustment of status as the immediate relative of a United States citizen and for permission to reapply for admission after deportation. (Id. at 5.) On October 29, 2007, USCIS approved Nasr's application for permission to reapply for admission after deportation. (Id. at 6.) Furthermore, in a notice dated January 28, 2008, USCIS scheduled an appointment regarding Nasr's application for adjustment of status to be held on

February 26, 2008.  (Id. at 6-7.)

At his February 26, 2008 appointment, Nasr was informed that his application for adjustment of status was denied.  (Id. at 7.)  Specifically, the decision found that USCIS lacked authority to consider Nasr's adjustment of status application because he remained under the jurisdiction of an immigration court as a result of the 1996 deportation order.  (Id.)  Additionally, Nasr was arrested at the appointment and taken to York County Prison in York, Pennsylvania.  (Id.)

**DISCUSSION:**

In its brief, the government evidently concedes that we have jurisdiction to consider whether petitioner is entitled to apply to USCIS for adjustment of status. (Rec. Doc. No. 9, at 2.)  Nevertheless, it argues that we do not have authority to declare him eligible for such adjustment.  (Id. at 8.)  It also argues that if petitioner is simply asking the court to declare that he is eligible to request adjustment of status, the matter is not ripe because the USCIS simply informed him that he must do so in another venue.  (Id. at 9.)  Finally, despite our request that the government refrain from addressing the merits of the petition if it wishes to challenge our jurisdiction, the government makes the substantive argument that the USCIS does not have jurisdiction to consider petitioner's application for adjustment of status

because he remains under the jurisdiction of an IJ as a result of his prior removal order. (<u>Id.</u> at 3-7.)

In his response, petitioner clarifies that he is seeking a declaration from the court that he is entitled to apply to USCIS for adjustment of status. (Rec. Doc. No. 10, at 2.) He concedes that we do not have jurisdiction to actually declare that he is entitled to adjustment of status. (<u>Id.</u>) Furthermore, he argues that the matter is ripe due to the fact that USCIS denied his application on jurisdictional grounds. (<u>Id.</u> at 5-12.) Finally, in response to the government's substantive argument, petitioner contends that USCIS does have jurisdiction to consider his application for adjustment of status. (<u>Id.</u> at 17-29.)

In our March 11, 2008 order, we alluded to the fact that we had jurisdiction to consider whether petitioner was entitled to apply for adjustment of status. Specifically, we cited the Third Circuit's decision in <u>Nnadika v. Attorney Gen. of U.S.</u>, in which the Third Circuit ruled that despite passage of the REAL ID Act, a district court retains jurisdiction over a claim that the USCIS improperly denied a request by the spouse of an asylee to receive asylum status. 484 F.3d 626 (3d Cir. 2007). Based on the Third Circuit's ruling in <u>Nnadika</u>, we find that we have jurisdiction to consider whether petitioner is entitled to apply to USCIS for adjustment of status. Furthermore, we reject the government's argument that this

matter is not ripe. The USCIS issued a decision finding that it does not have jurisdiction to consider petitioner's application. Regardless of whether plaintiff attempted to reopen his case before the IJ, a case or controversy clearly exists as to whether USCIS improperly declined to exercise jurisdiction.

We will now turn to the merits of the petition. On February 26, 2008, USCIS issued a decision entitled "Lack of Jurisdiction Determination and Denial." (Rec. Doc. No. 1, Ex. R.) In the decision, USCIS concluded that petitioner was still subject to the jurisdiction of the immigration court and that USCIS therefore did not have the authority to consider his application for adjustment of status. (Id.)

8 C.F.R. § 245.2(a)(1) states that "USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. § 1245.2(a)(1)." Section 1245.2(a)(1)(I) states that "[i]n the case of an alien who has been placed in deportation proceedings, or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status an alien may file."

We must defer to the agency's interpretation of its regulations as long as it is not plainly erroneous or inconsistent with the regulation. Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994). Yet, we note that deference is not

warranted when the agency's interpretation of the regulation has been inconsistent. Sierra v. Romaine, 347 F.3d 559, 569 (3d Cir. 2003), vacated on other grounds, 543 U.S. 1087 (2005). Thus, the issue in the instant case is whether USCIS reasonably construed § 1245.2(a)(1) in concluding that petitioner was "an alien who has been placed in deportation proceedings, or in removal proceedings."

There is no doubt that 8 C.F.R. § 1245.2(a)(1) is ambiguous as to whether it would apply to an individual such as petitioner, who was in removal proceedings but is now subject to a final administrative order of removal. On the one hand, petitioner "has been placed in . . . removal proceedings," albeit more than a decade ago. On the other hand, the regulation refers to the immigration judge "hearing the petition" as though it may only apply to an individual placed in removal proceedings that are still ongoing.

We are unaware of any district or circuit court ruling addressing the reasonableness of USCIS' interpretation of § 1245.2(a)(1). Similarly, we have not been directed to any inconsistent application of § 1245.2(a)(1) by USCIS. Therefore, we believe that USCIS' interpretation § 1245.2(a)(1), in concluding that it does not have jurisdiction over an individual who has previously been placed in removal proceedings, is reasonable, even if those proceedings have concluded.

Yet, we do note that 8 C.F.R. § 1003.23, which is the regulation governing

the reopening of cases before an IJ, states that "[a] motion to reopen must be filed within 90 days of the date of the entry of the final administrative order of removal."  No portion of this regulation expands the time period for reopening for an individual seeking an adjustment of status.  Although this regulation may foreclose petitioner's ability to reopen his case before the IJ to adjust his status (we do not know for certain because petitioner has not attempted to do so), we do not believe this possibility affects the reasonableness of USCIS' interpretation of § 1245.2(a)(1).  This is because we do not believe this time limitation affects the IJ's jurisdiction over the case.

Finally, we note that the instant case may present the unusual scenario in which petitioner is barred from seeking an adjustment of status with USCIS because the IJ has jurisdiction over such a petition, and that the IJ may not permit petitioner to reopen his case to adjust his status based on the 90-day time limitation.  If petitioner is in fact barred by the 90-day limitation, the only way to seek an adjustment of status would be to do so within 90 days of the issuance of a final administrative order of removal, regardless of the fact that the circumstances that lead to the claim for adjustment may arise after that time period.  Petitioner would be a prime example of such a situation, with his marriage and the birth of his children occurring beyond the 90-day period.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. George Magdy Nassif Nasr's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

2. Respondents are no longer restrained from removing petitioner from the Middle District of Pennsylvania.

3. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge