IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE MAGDY NASSIF NASR,   :
                            :
         Petitioner,        :
                            :     No. 4:08-CV-415
      v.                    :
                            :
THOMAS H. HOGAN, et. al.,   :     Agency  # A73-574-464
                            :
         Respondents.       :

**O R D E R**

June 6, 2008

**INTRODUCTION:**

   On March 5, 2008, petitioner George Magdy Nassif Nasr, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The same day, Nasr filed a motion for an emergency stay of deportation. (Rec. Doc. No. 3.) Nasr is a citizen of Egypt who is currently in the custody of the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania. In his petition, Nasr challenges the United States Citizenship and Immigration Service's (USCIS) denial of his application for adjustment of status. (Rec. Doc. No. 1, ¶ 19.)

   On March 11, 2008, we issued an order directing service of the petition and made a preliminary finding that we had jurisdiction over the petition despite the

1

passage of the REAL ID Act.  We also granted petitioner's request for a stay of removal.

On June 3, 2008, we denied the petition on the merits and lifted the stay of removal.  On June 5, 2008, petitioner filed a "Motion for Emergency Stay of Order Pending Appeal."  (Rec. Doc. No. 13.)  In this motion, petitioner contends that his deportation is imminent and that we should stay our June 3, 2008 order while he appeals our decision to the Third Circuit.  (Id.)  For the following reasons, we will grant the motion.

**DISCUSSION:**

Rule 8(a) of the Federal Rules of Appellate Procedure states that a party must first request a stay of the judgment or order in the district court before moving for such relief in the court of appeals.  The factors to be considered in determining whether to stay a civil judgment or order are: 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 777 (1987).

As we noted in our previous order which granted a stay of removal, the balancing of the hardships weighs highly in favor of petitioner. The harm to petitioner if he is deported far outweighs the harm to the respondents if they are restrained from deporting the petitioner. Similarly, although we denied the petition, it raised a serious and complex immigration issue of first impression. In fact, if the petition was one that required a certificate of merit in order to appeal, we would have surely granted one, as we believe jurists of reason could disagree with our conclusion. Therefore, we will grant petitioner's motion and stay our previous order pending petitioner's appeal to the Third Circuit.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Petitioner's "Motion for Emergency Stay of Order Pending Appeal" is GRANTED. (Rec. Doc. No. 13.) Respondents are restrained from removing petitioner from the Middle District of Pennsylvania pending petitioner's appeal to the Third Circuit.

    s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge