IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE MAGDY NASSIF NASR, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 4:08-CV-415 |
| v. | : | |
| | : | |
| THOMAS H. HOGAN, et. al., | : | Agency  # A73-574-464 |
| | : | |
| Respondents. | : | |

**O R D E R**

July 10, 2008

**INTRODUCTION:**

On March 5, 2008, petitioner George Magdy Nassif Nasr, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The same day, Nasr filed a motion for an emergency stay of deportation.  (Rec. Doc. No. 3.)  Nasr is a citizen of Egypt who is currently in the custody of the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania.  In his petition, Nasr challenges the United States Citizenship and Immigration Service's (USCIS) denial of his application for adjustment of status.  (Rec. Doc. No. 1, ¶ 19.)

On March 11, 2008, we issued an order directing service of the petition and made a preliminary finding that we had jurisdiction over the petition despite the

passage of the REAL ID Act. We also granted petitioner's request for a stay of removal.

On June 3, 2008, we denied the petition on the merits and lifted the stay of removal. On June 5, 2008, petitioner filed a "Motion for Emergency Stay of Order Pending Appeal" in which he requested that we stay his deportation during his appeal of our June 3, 2008 decision. (Rec. Doc. No. 13.) On June 6, 2008, we granted the motion and restrained respondents from removing petitioner from the Middle District of Pennsylvania pending petitioner's appeal to the Third Circuit.

On June 23, 2008, petitioner filed a "Motion for Release Pending Review." (Rec. Doc. No. 18.) Opposing and reply briefs have been filed and the matter is ripe for disposition. For the following reasons, the court will deny the motion.

**DISCUSSION:**

Rule 23(b) of the Federal Rules of Appellate Procedure states that "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision, or court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be: 1) detained in the custody from which release is sought; 2) detained in other appropriate custody; or 3) released on personal recognizance, with or without surety. In <u>Mapp v. Reno</u>, the Second Circuit ruled

that federal courts have inherent authority to grant bail to habeas corpus petitioners. 241 F.3d 221, 225-26 (2d Cir. 2001). Yet, the court noted that such authority may only be exercised when the petition raises substantial claims and that extraordinary circumstances exist which make the grant of bail necessary to make the habeas remedy effective. Id. at 226 (citation omitted). Furthermore, we note that the court specifically ruled that the authority to grant bail remains in place for habeas petitioners challenging INS detention, as opposed to those challenging detention as a result of a criminal conviction. Id. at 23.

In Nadarajah v. Gonzales, the Ninth Circuit held that the proper standard for evaluating an alien's motion for release pending appeal is the traditional standard for interim injunctive relief. 443 F.3d 1069, 1083 (9th Cir. 2006). This standard requires the moving party to show 1) probability of success on the merits and the possibility of irreparable harm; or 2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.

Finally, we note that in Landano v. Rafferty, the Third Circuit considered an interlocutory appeal from the State of New Jersey which appealed the district court's grant of bail to a habeas petitioner while the petition was pending. 970 F.2d 1230 (3d Cir. 1992). In this case, the Third Circuit distinguished between bail pending the district court's review of a petition and bail pending review by an

appellate court of a district court's grant or denial of a petition. Id. at 1238. The court began by noting that "extraordinary circumstances" must exist for a grant of bail pending review of a petition. Id. Yet, the court noted that when the district court has granted the petition, the court had discretion to release a prisoner using the traditional standards governing stays of civil judgments, which include likelihood of success on the merits, irreparable injury, injury to other parties, and the public interest. Id. (citing Hilton v. Braunskill, 481 U.S. 770 (1987)). When the district court has denied the petition, the standard for bail is "more stringent." Id. Yet, we note that the Landano decision focused primarily on habeas petitioners who were challenging criminal convictions, as opposed to the detention of an alien whose incarceration is not the result of a criminal conviction. Id.

With this legal backdrop, we begin by noting that petitioner did not explicitly challenge his detention in his habeas petition. (Rec. Doc. No. 19, at 3-4.) Rather, his petition challenged USCIS's decision to deny his application for adjustment of status on jurisdictional grounds and sought a declaration that he was eligible to apply for an adjustment of status. (Rec. Doc. No. 1, at 6.) In fact, it is noteworthy that petitioner did not request bond while we considered his petition.

In Mapp, despite concluding that the authority to grant bond existed in habeas proceedings, the Second Circuit concluded that the district court had erred

in granting bail because it had given no reason why bail was necessary to make the habeas remedy effective. 241 F.3d at 230. Specifically, the court commented that:

> The relief sought by petitioner guaranteed neither his release from detention nor a vacatur of the INS's order of removal. The most [petitioner] could (and, as it turns out, did) secure by virtue of being granted habeas was an order from the district court requiring that INS consider his eligibility for a waiver of deportation under INS § 212(c). But, and significantly, the effectiveness of this form of relief is wholly independent of the question of whether [petitioner] is incarcerated while the § 212(c) hearing is pending.

Id. at 230-31.

Although Mapp is from the Second Circuit, we believe its reasoning is sound and equally applicable to the instant case. Even if petitioner is successful in his appeal, the most he can secure is an order requiring USCIS to consider his application for adjustment of status, not an order actually adjusting his status and securing his release from custody. In other words, there exists a substantial basis for concluding that Rule 23(b) of the Federal Rules of Appellate Procedure is not applicable because "a decision not to release a prisoner" is not under review.

Furthermore, we believe that no extraordinary circumstances exist which make the grant of bail necessary to make the habeas remedy effective. In doing so, we note that we are sympathetic towards petitioner's desire to be released to provide financial support for his family. Petitioner urges this court to consider that 8 U.S.C. § 1182(a)(4)(A) states that "[a]ny alien who, . . . in the opinion of the

Attorney General at the time of application for admission or adjustment of status . . . is likely to become a public charge is inadmissible." (Rec. Doc. No. 18, at 11-12.) In other words, petitioner believes that in the event that he is successful on appeal, his chances of securing an adjustment of status will be decreased due to the increased likelihood that the Attorney General will conclude that petitioner is "likely to become a public charge."

In the event that the Third Circuit grants petitioner's appeal and concludes that USCIS improperly denied petitioner's application on jurisdictional grounds, that agency will likely be ordered to consider the merits of petitioner's application. As far as the agency's determination of whether petitioner "is likely to become a public charge," their consideration is limited to petitioner's status at the time of his application, which we believe would be when his original application was filed in 2003. In other words, any financial hardship to petitioner caused by his current incarceration should not be considered by the agency in determining whether petitioner is likely to become a public charge. Therefore, we conclude that this does not create an extraordinary circumstance which would make the grant of bail necessary to make petitioner's habeas remedy effective.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Petitioner's "Motion for Release Pending Review" is DENIED.  (Rec. Doc. No. 17.

                         s/ James F. McClure, Jr.
                         James F. McClure, Jr.
                         United States District Judge